**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6104**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

FLORENCIO SANTANA,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:18-cr-00067-ELH-1)

Submitted: July 8, 2021                    Decided: August 18, 2021

Before AGEE, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brandon Sample, BRANDON SAMPLE PLC, Rutland, Vermont, for Appellant. Jonathan F. Lenzner, Acting United States Attorney, James G. Warwick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Florencio Santana appeals from the denial of his motion for compassionate release. He asserts that the district court overlooked his evidence of a plan for his post-release housing and finances. While we agree that the district court either overlooked or misstated the relevant facts on this issue, we find that any error was harmless. Accordingly, we affirm.

The district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if "extraordinary and compelling reasons warrant such a reduction." We review the district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). To commit an abuse of discretion, "a district court must act arbitrarily or irrationally, fail to consider judicially recognized factors constraining its exercise of discretion, rely on erroneous factual or legal premises, or commit an error of law." *Id.* at 332 (internal quotation marks and brackets omitted). In addition, the district court's consideration of evidence is subject to harmless error review under Federal Rule of Criminal Procedure 52, such that "in order to find a district court's error harmless, we need only be able to say 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997) (quoting *United States v. Heater*, 63 F.3d 311, 325 (4th Cir. 1995)).

We conclude that the district court abused its discretion in either failing to consider the evidence proffered by Santana or in misstating it. Contrary to the court's ruling that

2

Santana "has not set forth any plans for living arrangements," Santana specifically stated that he would be living with his girlfriend. Further, while the court noted that Santana had not provided work arrangements, his girlfriend's letter stated that she could support him. Admittedly, Santana did not detail his post-release plans and only briefly addressed them in his motion; likewise, his girlfriend's letter focused primarily on Santana's health. Nonetheless, the district court's statement was clearly incorrect. Because the court relied upon an erroneous factual premise, the district court abused its discretion.

The Government contends, however, that the court's error was harmless, and we agree. The district court explicitly stated that the seriousness of Santana's crime was of particular concern. In addition, when the district court summarized its findings at the end of its order, it relied on the nature of the offense and the small amount of time Santana had served to conclude that release was not warranted. The court also noted that Santana had already received a variance to the mandatory statutory minimum sentence.

The court's one-sentence statement regarding Santana's lack of post-release plans was the last factor considered and appeared to be the least important. Further, Santana's release plan depended on the continued support of his girlfriend but contained no details regarding her financial status. Given Santana's grave and far-reaching criminal conduct, the short time that he had so far been incarcerated, and the brevity of the relevant evidence,

3

we conclude that the district court was not substantially swayed by its belief that Santana had not provided a plan for his release. As such, the district court's error was harmless.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions area adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*